UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Timothy Moore,<br><br>           Plaintiff,<br>v.<br><br>Asset Management Professionals, LLC; and DOES 1-10, inclusive,<br><br>           Defendants. | Civil Action No.: 3:13-cv-01898<br><br>COMPLAINT<br><br>December 23, 2013 |

For this Complaint, the Plaintiff, Timothy Moore, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Timothy Moore ("Plaintiff"), is an adult individual residing in Hartford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Asset Management Professionals, LLC ("Asset"), is a Georgia business entity with an address of 665 Molly Lane, Suite 110, Woodstock, Georgia 30189, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Collectors") are individual collectors employed by Asset and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Asset at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. <u>The Debt</u>

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>The Facts</u>

12. On or around April 2013, Asset contacted Plaintiff in an attempt to

collect the Debt.

13. At all times mentioned herein, Asset called Plaintiff on his cellular telephone, number 860-xxx-2000, using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

14. When Plaintiff answered a call from Asset, he was met with a recording instructing Plaintiff to hold before a live representative would come on the line.

15. During conversations with Asset, Plaintiff explained that at the time the Debt was allegedly incurred Plaintiff did not have a credit card and thus Plaintiff disputed the validity of the Debt.

16. Moreover, in August 2013, Plaintiff requested that the calls to his cellular telephone cease.

17. Plaintiff never provided his cellular telephone number to Asset and never provided his consent to Asset to be contacted on his cellular telephone.

18. Plaintiff never provided his cellular telephone number to the Creditor and never provided his consent to the Creditor to be contacted on his cellular telephone.

19. Regardless, Asset continued to place calls to Plaintiff's cellular telephone number knowing that it had no consent to do so.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that

**Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.**

**22.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.**

**23.    The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.**

**24.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.**

**25.    The Plaintiff is entitled to damages as a result of Defendants' violations.**

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

**26.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**27.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."**

**28.    Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.**

**29.    The Defendants intentionally intruded upon Plaintiff's right to privacy**

by continually harassing the Plaintiff with phone calls to her home.

30. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

31. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

33. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

36. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

37. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

41. The telephone number called by Asset was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

42. The calls from Asset to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

44. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

48. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
4. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and

intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: December 23, 2013**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG LAW L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**